# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| DEFENDERS OF WILDLIFE, JACKSON HOLE CONSERVATION ALLIANCE, NATIONAL WILDLIFE REFUGE ASS'N, GREATER YELLOWSTONE COALITION, WYOMING OUTDOOR COUNCIL | ) ) ) ) ) ) ) |  |
| Plaintiffs, | ) ) ) |  |
| v. | ) ) | Civil No. 1:08-cv-00945-RJL |
| DIRK KEMPTHORNE, in his official capacity as the Secretary of the United States Department of the Interior, and DALE HALL, in his official capacity as Director, U.S. Fish and Wildlife Service, STEPHEN GUERTIN, in his official capacity as Regional Director, Region 6, U.S. Fish and  Wildlife Service | ) ) ) ) ) ) ) ) ) | **FEDERAL DEFENDANTS' ANSWER** |
| Defendants. | ) ) |  |

Federal Defendants, by and through their undersigned attorneys, answer Plaintiffs' claims and allegations as set forth below.  The numbered paragraphs in the answer correspond to the numbered paragraphs in the Complaint.

1.      The allegations set forth in the first sentence of Paragraph 1 of the Complaint contain Plaintiff's characterization of the nature of the proceedings to which no response is required.  The allegations in the third sentence purport to characterize the Bison and Elk Management Plan (Plan), which speaks for itself and is the best evidence of its contents.  Defendants deny the remaining allegations and aver that the Plan governs management of bison and elk on lands managed by the National Park Service, Grand Teton National Park and the John D. Rockefeller

1

Memorial Parkway.  Defendants further aver that the National Elk Refuge is 24,700 acres and that it plays an important role in sustaining wildlife populations, including elk and bison, in the Greater Yellowstone ecosystem.  Defendants aver that concentration of elk and bison on the refuge may contribute to the spread of certain diseases, including brucellosis, within the Jackson Elk herd.  Defendants aver that elk and bison are susceptible to infection by the bacteria that causes brucellosis, which can cause pregnant animals to abort their calves.

2.      The allegations in the second paragraph are legal conclusions, to which no response is required.

3.      The allegations in the third paragraph are legal conclusions, to which no response is required.

4.      The allegations in the fourth paragraph are legal conclusions, to which no response is required.

5.      Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 5 and on that basis deny the same.

6.      Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 6 and on that basis deny the same.

7.      Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 7 and on that basis deny the same.

8.      Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 8 and on that basis deny the same.

9.      Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 9 and on that basis deny the same.

10.     Defendants lack knowledge or information sufficient to form a belief as to the allegations in the first sentence of Paragraph 10 and on that basis deny the same. Defendants deny the remaining allegations.

11.     Defendants deny the allegations.

12.     Defendants admit.

13.     Defendants admit.

14.     Defendants admit.

15.     The allegations in Paragraph 15 are conclusions of law, to which no response is required.

16.     The allegations in Paragraph 16 purport to characterize the Fish and Wildlife Service Manual, which speaks for itself and is the best evidence of its contents.

17.     The allegations in Paragraph 17 are conclusions of law, to which no response is required.

18.     The allegations in Paragraph 18 are conclusions of law, to which no response is required.

19.     Defendants admit the allegations in the first and third sentence of Paragraph 19. Defendants deny the remaining allegations, and aver that the National Elk Refuge is located in Jackson Hole, north of the town of Jackson, Wyoming, and that it is located within the Teton and Gros Ventre mountain ranges.

20.     Defendants deny the allegations in the first, fifth, and seventh sentences.  Defendants aver that an average of 8,100 elk and 920 bison were on the refuge this past season.  Defendants admit the allegations in the second, third, fourth, and sixth sentences.

21.     Defendants deny the allegations in paragraph 21.  Defendants aver that local citizens and organizations and state and federal officials in Jackson Hole began winter feeding of elk in 1910 and 1911 to reduce winter mortality of elk.  Defendants further aver that brucellosis has been

3

present in the Jackson elk herd for decades; that the Jackson elk and bison herds are chronically infected with brucellosis; that chronic wasting disease was detected in free-ranging elk in Wyoming in the 1980's; that chronic wasting disease has been moving westward within Wyoming for the past several years; that chronic wasting disease is currently believed to be within approximately 90 miles of the Jackson elk herd unit boundary; and that the concentration of animals can contribute to the spread of disease.

22.    Defendants admit the allegations in the first three sentences.  Defendants deny the allegations in sentence four and aver that Wyoming elk in areas adjacent to the feedgrounds have an average brucellosis prevalence of 2.3% and that no elk populations outside the Greater Yellowstone Area are known to be infected with brucellosis.  Defendants admit the allegation in sentence five that brucellosis rates among elk on the National Elk Refuge have averaged around 17% in recent years.  Defendants lack knowledge or information sufficient to form a belief as to the remaining allegations in sentence five and on that basis deny the same.  The allegations in sentence 6 purport to characterize a document entitled "Disease and Winter Feeding of Elk and Bison," which speaks for itself and is the best evidence of its contents.

23.    Defendants deny the allegations in paragraph 23 and aver that studies have shown brucellosis seroprevalance range from 58% to 84% in the Jackson bison herd.  Defendants further aver that the prevalence of brucellosis can be high in bison, with or without feeding and regardless of herd size.

24.    Defendants deny the allegations in Paragraph 24.  Defendants aver that transmission of brucellosis from elk to cattle and from bison to cattle has been documented in confined spaces, but rarely in nature and that Wyoming was reinstated to its class-free brucellosis status in

September 2006 after a temporary loss of that status in 2004.  Defendants also aver that, while moderate to major adverse economic impacts to individual ranchers may result from the adaptive management of the elk and bison herds adopted by the Fish and Wildlife Service in its April 2007 Record of Decision, overall effects to agricultural production in the Jackson Hole area are expected to be negligible at most.

25.     Defendants admit the allegations in the first, third, fifth, and seventh sentences of Paragraph 25.  Defendants deny the reminder of the allegations of Paragraph 25 and aver that chronic wasting disease is eventually fatal with no known treatment options, that the prion protein that causes chronic wasting disease has been shown to be long lasting, and that chronic wasting disease is especially concerning because it also contaminates the soils, where it is endemic.

26.     Defendants admit the allegations in the first three sentences.  Defendants deny the allegations in the fourth sentence and aver that the EIS states that "[t]he spread of chronic wasting disease to the Jackson elk herd is possible, and it may be just a matter of time until it is introduced."

27.     Defendants deny the allegations in the first, second, fourth, fifth, and sixth sentences and aver that chronic wasting disease infection rates have been documented in confined situations at much higher levels than in free-ranging elk and other ungulates, that the spread of chronic wasting disease to the Jackson elk herd could be a significant mortality factor for elk, that the prion protein that causes chronic wasting disease contaminates the soil and has shown to be long lasting.  Defendants admit the allegations in the third sentence.

28.     The allegations in Paragraph 28 purport to characterize the EIS, which speaks for itself and is the best evidence of its contents.

29.     The allegations in Paragraph 29 purport to characterize the EIS, which speaks for itself and is the best evidence of its contents.

30.     Defendants deny the allegations set forth in the first sentence and aver that the Fish and Wildlife's April 2007 Record of Decision incorporates numerous precautionary measures designed to reduce adverse impacts if chronic wasting disease were to become established within the Jackson elk herd.  Defendants admit the allegations in sentences two and three.

31.     Defendants deny the allegations in paragraph 31 and aver that there is no evidence of Bovine tuberculosis or Bovine paratuberculosis in the Jackson elk and bison herds. Defendants further aver that scabies is widespread in Wyoming among free-ranging populations of elk and other species, that 4 or 5% of the male elk in the Jackson elk herd may be infected with scabies, and that it is not an important factor in elk losses during average winters.

32.     Defendants deny the allegations in paragraph 32 and aver that, while the winter feeding program may have potential environmental impacts to other wildlife species and resources and such impacts may extend beyond the elk refuge boundaries, such potential impacts were fully addressed in the FEIS.

33.     The allegations set forth in the first and second sentences purport to characterize the FWS' notice of intent to prepare an EIS, which speaks for itself and is the best evidence of its contents.  The allegations in sentences three and five purport to characterize the EIS, which speaks for itself and is the best evidence of its contents.  Defendants admit the allegations in the fourth sentence.

34.    Defendants admit the allegations in the first sentence.  The remaining allegations purport to characterize the EIS, which speaks for itself and is the best evidence of its contents.

35.    The allegations in paragraph 35 purport to characterize the Record of Decision, Plan and EIS, which speak for themselves and are the best evidence of their contents.

36.    The allegations in paragraph 36 purport to characterize the Plan and EIS, which speak for themselves and are the best evidence of their contents.

37.    Defendants incorporate their responses to the preceding paragraphs by reference.

38.    The allegations in Paragraph 38 are conclusions of law, to which no response is required.

39.    Defendants deny the allegations.

40.    Defendants deny the allegations.

41.    Defendants incorporate their responses to the preceding paragraphs by reference.

42.    The allegations in the first two sentences are conclusions of law, to which no response is required.  The allegations in sentences 3 and 4 purport to characterize the EIS, which speaks for itself and is the best evidence of its contents.  Defendants deny the remaining allegations.

43.    Defendants deny the allegations.

The remainder of the Complaint consists of Plaintiffs' prayer for relief, to which no response is required. To the extent a response is required, Defendants deny that Plaintiffs are entitled to any relief requested in their prayer for relief, including each and every subpart, or any other relief whatsoever.

GENERAL DENIAL Defendants deny any allegations of the Complaint, whether express or implied, that are not expressly admitted, denied, or qualified herein.

WHEREFORE, Defendants respectfully pray that this Court deny in all respects

Plaintiff's prayer for relief, dismiss the Complaint, enter judgment for Defendants, and grant such

other relief as may be appropriate.

      Respectfully submitted this 11th day of August, 2008.


RONALD J. TENPAS
Assistant Attorney General

    /s/ Lori Caramanian
LORI CARAMANIAN
Environment & Natural Resources Division
U.S. Department of Justice
1961 Stout Street, 8th Floor
Denver, Colorado   80294
Telephone: (303) 844-1499
Fax: (303) 844-1350
lori.caramanian@usdoj.gov


Of Counsel
Jennifer Rigg
United States Department of the Interior
Office of the Solicitor
755 Parfet Street, Room 151
Lakewood, CO 80215