UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DEFENDERS OF WILDLIFE, JACKSON HOLE CONSERVATION ALLIANCE, NATIONAL WILDLIFE REFUGE ASSOCIATION, GREATER YELLOWSTONE COALITION, WYOMING OUTDOOR COUNCIL,<br><br>Plaintiffs,<br><br>v.<br><br>DIRK KEMPTHORNE, in his official Capacity as the Secretary of the Interior, and H. DALE HALL, in his official capacity as Director, U. S. Fish and Wildlife Service, and STEPHEN GUERTIN, in his official capacity as Regional Director, Region 6, U.S. Fish and Wildlife Service<br><br>Defendants,<br><br>and,<br><br>STATE OF WYOMING<br><br>Applicant-Defendant-Intervenor | Docket No. 1:08-cv-00945-RJL |

**[PROPOSED] ANSWER OF APPLICANT-DEFENDANT-INTERVENOR STATE OF WYOMING**

Pursuant to Rule 8 of the Federal Rules of Civil Procedure, Applicant-Intervenor-Defendant, the State of Wyoming ("State") answers the COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF ("COMPLAINT") filed by Plaintiffs and asserts its affirmative defenses as follows:

1.  The first sentence in paragraph 1 of the COMPLAINT makes no allegations which require a response or answer. To the extent that a response or answer is required, the State denies the allegations in the first sentence of paragraph 1. The State denies the remaining allegations in paragraph 1 of the COMPLAINT.

2.  The State admits the allegations in paragraph 2.

3.  The State admits the allegations in paragraph 3.

4.  Paragraph 4 of the COMPLAINT states legal conclusions for which no answer or response is necessary. To the extent that an answer or response is required, the State denies the allegations in paragraph 4.

5.  The State is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5 of the COMPLAINT, and therefore denies the allegations in paragraph 5.

6.  The State is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6 of the COMPLAINT, and therefore denies the allegations in paragraph 6.

7. The State is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7 of the COMPLAINT, and therefore denies the allegations in paragraph 7.

8. The State is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8 of the COMPLAINT, and therefore denies the allegations in paragraph 8.

9. The State is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 of the COMPLAINT, and therefore denies the allegations in paragraph 9.

10. The State is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 10 of the COMPLAINT, and therefore denies the allegations in the first sentence of paragraph 10. The State denies the allegations in the remaining portion of paragraph 10.

11. The State denies the allegations in paragraph 11 of the COMPLAINT.

12. The State is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 12 of the COMPLAINT, and therefore denies the allegations in the first sentence of paragraph 12. The State admits that Mr. Kempthorne is sued in his official capacity.

13. The State is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 13 of the COMPLAINT, and therefore denies the allegations in the first sentence of paragraph 13. The State admits that Mr. Hall is sued in his official capacity.

14. The State is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 14 of the COMPLAINT, and therefore denies the allegations in the first sentence of paragraph 14. The State admits that Mr. Guertin is sued in his official capacity.

15. Paragraph 15 of the Complaint constitutes Plaintiffs' characterization of the National Wildlife Refuge System Improvement Act of 1997 and requires no answer or response. The cited provisions speak for themselves and are the best evidence of their contents. To the extent that an answer or response is required, the State denies the allegations in paragraph 15.

16. Paragraph 16 of the Complaint constitutes Plaintiffs' characterization of the U.S. Fish and Wildlife Service Manual and requires no answer or response. The cited provisions speak for themselves and are the best evidence of their contents. To the extent that an answer or response is required, the State denies the allegations in paragraph 16.

17. Paragraph 17 of the COMPLAINT constitutes Plaintiffs' characterization of the National Environmental Policy Act and states legal conclusions for which no answer or response is necessary. The cited provisions speak for themselves and are the best evidence of their contents. To the extent that an answer or response is required, the State denies the allegations in paragraph 17.

18. Paragraph 18 of the COMPLAINT constitutes Plaintiffs' characterization of the Administrative Procedure Act and states legal conclusions for which no answer or response is necessary. The cited provisions speak for themselves and are the best

evidence of their contents. To the extent that an answer or response is required, the State denies the allegations in paragraph 18.

19. The State admits the allegation in the first sentence in paragraph 19 of Plaintiffs' COMPLAINT. The remaining allegations in paragraph 19 require no answer or response. To the extent that an answer or response is required, the State denies the remaining allegations in paragraph 19.

20. The State denies the allegation in the first sentence in paragraph 20 of Plaintiffs' COMPLAINT. The State admits the allegations in the second, third, and fourth sentences of paragraph 20. The State denies the allegations in the fifth sentence of paragraph 20. The State is without knowledge or information sufficient to form a belief as to the truth of the allegations in the sixth and seventh sentences of paragraph 20, and therefore denies those allegations.

21. The State denies the allegations in paragraph 21 of Plaintiffs' COMPLAINT.

22. Paragraph 22 of the COMPLAINT appears to constitute Plaintiffs' characterization of the Bruce L. Smith article for which no answer or response is necessary. The cited document speaks for itself and is the best evidence of its content. To the extent that an answer or response is required, the State denies the allegations in paragraph 22.

23. The State is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23 of the COMPLAINT, and therefore denies the allegations in paragraph 23.

24. The State admits the allegations in the first sentence of paragraph 24 of the COMPLAINT. The State denies the remaining allegations in paragraph 24.

25. The State admits the allegations in the first sentence of paragraph 25 of the COMPLAINT. The State denies the remaining allegations in paragraph 25.

26. The State admits the allegations in the first sentence of paragraph 26 of the COMPLAINT. The State denies the remaining allegations in paragraph 26.

27. The State denies the allegations in paragraph 27.

28. Paragraph 28 of the COMPLAINT constitutes Plaintiffs' characterization of the environmental impact statement cited therein and requires no answer or response. The document speaks for itself and is the best evidence of its contents. To the extent that an answer or response is required, the State denies the allegations in paragraph 28.

29. Paragraph 29 of the COMPLAINT constitutes Plaintiffs' characterization of the environmental impact statement and comments and responses cited therein and requires no answer or response. The documents speak for themselves and are the best evidence of their contents. To the extent that an answer or response is required, the State denies the allegations in paragraph 29.

30. The State denies the allegations in the first and third sentences of paragraph 30 of the COMPLAINT. The State is without knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of paragraph 30 and therefore denies those allegations.

31. Paragraph 31 of the COMPLAINT constitutes Plaintiffs' characterization of the environmental impact statement and Management Plan and requires no answer or

response. The documents speak for themselves and are the best evidence of their contents. To the extent that an answer or response is required, the State denies the allegations in paragraph 31.

32. The first sentence of paragraph 32 of the COMPLAINT is a statement that requires no answer or response. To the extent that an answer or response is required, the State denies the allegations in the first sentence of paragraph 32. The State denies the remaining allegations in paragraph 32.

33. Paragraph 33 of the COMPLAINT constitutes Plaintiffs' characterization of the Federal Register Document and environmental impact statement and comments and responses cited therein and requires no answer or response. The documents speak for themselves and are the best evidence of their contents. To the extent that an answer or response is required, the State denies the allegations in paragraph 33.

34. Paragraph 34 of the COMPLAINT constitutes Plaintiffs' characterization of the final environmental impact statement and requires no answer or response. The document speaks for itself and is the best evidence of its contents. To the extent that an answer or response is required, the State denies the allegations in paragraph 34.

35. Paragraph 35 of the COMPLAINT constitutes Plaintiffs' characterization of the Management Plan and final environmental impact statement and requires no answer or response. The documents cited speak for themselves and are the best evidence of their contents. To the extent that an answer or response is required, the State denies the allegations in paragraph 35.

36. Paragraph 36 of the COMPLAINT constitutes Plaintiffs' characterization of the Management Plan and final environmental impact statement and requires no answer or response. The documents cited speak for themselves and are the best evidence of their contents. To the extent that an answer or response is required, the State denies the allegations in paragraph 36.

37. The State incorporates its responses to paragraphs 1 through 36 of the COMPLAINT as if fully set forth herein.

38. Paragraph 38 of the COMPLAINT constitutes Plaintiffs' characterization of the National Wildlife Refuge System Improvement Act and requires no answer or response. The provisions cited speak for themselves and are the best evidence of their contents. To the extent that an answer or response is required, the State denies the allegations in paragraph 38.

39. The State denies the allegations in paragraph 39 of Plaintiffs' COMPLAINT.

40. Paragraph 40 of the COMPLAINT states legal conclusions for which no answer or response is necessary. To the extent that an answer or response is required, the State denies the allegations in paragraph 40.

41. The State incorporates its responses to paragraphs 1 through 40 of the COMPLAINT as if fully set forth herein.

42. Paragraph 42 of the COMPLAINT constitutes Plaintiffs' characterization of the National Environmental Policy Act, case law, and the final environmental impact statement and requires no answer or response. The documents cited speak for themselves

and are the best evidence of their contents. To the extent that an answer or response is required, the State denies the allegations in paragraph 42.

43. Paragraph 43 of the COMPLAINT states legal conclusions for which no answer or response is necessary. To the extent that an answer or response is required, the State denies the allegations in paragraph 43.

44. The remaining paragraphs in Plaintiffs' COMPLAINT are the requests for relief, to which no answer or response is required. To the extent that an answer or response is required, the State denies Plaintiffs' requests for relief set forth in the COMPLAINT.

45. The State denies any allegation in Plaintiffs' COMPLAINT which has not herein specifically been admitted.

## AFFIRMATIVE DEFENSES

1. Plaintiffs have brought this action in an improper venue.

2. The allegations in the COMPLAINT fail to state a claim upon which relief may be granted.

3. The Record of Decision and the April 2007 Bison and Elk Management Plan for the National Elk Refuge do not violate any provision of the National Wildlife Refuge System Improvement Act of 1997.

4. The environmental impact statement does not violate any provision of the National Environmental Policy Act.

5. The U.S. Fish and Wildlife Service, Dirk Kempthorne, H. Dale Hall, and Stephen Guertin did not act arbitrarily or capriciously in issuing the Record of Decision

and/or in adopting the April 2007 Bison and Elk Management Plan for the National Elk Refuge.

6.  The State reserves the right to name additional affirmative defenses as they may be discovered after the filing of this ANSWER and before trial.

WHEREFORE, Applicant-Defendant-Intervenor, the State of Wyoming, requests that Plaintiffs take nothing by way of their COMPLAINT, that judgment be entered in favor of Defendants and against Plaintiffs, and that the State of Wyoming be awarded costs, including reasonable attorney fees, and such other relief as this Court deems just and appropriate.

Respectfully submitted this 20th day of August, 2008

APPLICANT-DEFENDANT-
INTERVENOR, STATE OF WYOMING

Kenneth J. Miller
Senior Assistant Attorney General
kmille2@state.wy.us

C. Levi Martin
Senior Assistant Attorney General
Wyoming Attorney General's Office
123 Capitol Building
Cheyenne, WY  82002
(307) 777-6946
(307) 777-3542 – Facsimile
lmarti@state.wy.us

## CERTIFICATE OF SERVICE

I hereby certify that on the 20th day of August, 2008, a true and correct copy of the foregoing [PROPOSED] ANSWER OF APPLICANT-DEFENDANT-INTERVENOR STATE OF WYOMING was served by placing same in the United States Mail, postage pre-paid, addressed to:

Timothy J. Preso
Sean M. Helle
EARTHJUSTICE
209 S. Willson Avenue
Bozeman, MT 51715

Sierra B. Weaver
DEFENDERS OF WILDLIFE
1130 17th Street NW
Washington, DC 20036

Robert Morgan
NATIONAL WILDLIFE REFUGE ASSOCIATION
1901 Pennsylvania Ave., NW, Suite 407
Washington, DC 20006

Ronald J. Tenpas
Assistant Attorney General
Lori Caramanian
Environment & Natural Resources Div.
U.S. Department of Justice
1961 Stout Street, 8th Floor
Denver, CO 80294

_____
Wyoming Attorney General's Office